MUTUAL COAT, APRON AND TOWEL SUPPLY CO., INC., Respondent, Appellant, v. ABRAHAM FEIST, Defendant, Impleaded with RUTH FEIST and Another, Respondents, and MAMIE DIRKS, Appellant.— Order, as resettled, granting in part and denying in part motion for injunction *pendente lite* affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

ALICE G. PETERSON, Appellant, v. THE CITY OF YONKERS, Respondent.— Order setting aside the verdict and dismissing the complaint affirmed, with costs, upon the ground that plaintiff failed to establish actionable negligence on the part of the defendant city. Young, Kapper, Hagarty and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to reverse and to reinstate the verdict.

PHILADELPHIA NATIONAL BANK, Successor to THE PHILADELPHIA GIRARD NATIONAL BANK, Respondent, v. ALBERT T. MCALLISTER, Doing Business under the Firm Name and Style of A. T. MCALLISTER & Co., Respondent, and R. S. DICKSON & COMPANY, INC., Appellant.— Order denying motion to change place of trial affirmed, with ten dollars costs and disbursements, upon the ground stated in *Feitel Bag Company, Ltd.*, v. *Bobinski* (*ante*, p. 879), decided herewith. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

ABRAHAM POLEKOFF, Appellant, v. REBECCA POLEKOFF, Respondent.— Order granting motion to punish plaintiff for contempt affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

SEBASTIAN PORRAZZO, Appellant, v. CHARLES S. BONANNO, Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

JACOB POSTER, Respondent, v. NATIONAL SURETY COMPANY, Appellant.— Judgment reversed upon the law, with costs to appellant, and complaint dismissed, with costs. We are of opinion that there is nothing uncertain or ambiguous about the undertaking in question. According to its terms, if the principal mentioned in the undertaking fails to pay the deficiency judgment, the surety company is bound to pay it to the extent of its agreement, namely, $15,000. The first paragraph of the undertaking is not a recital. It is an agreement for a specified liability, limited to the amount thereof. (Civ. Prac. Act, § 160.) Lazansky, P. J., Young and Kapper, JJ., concur; Hagarty and Tompkins, JJ., dissent and vote to affirm on the ground that the condition of the undertaking is to pay the " deficiency judgment " and that that condition is controlling over the preceding recital, and that it was the intention of the parties that the undertaking should cover any deficiency judgment. Findings of fact inconsistent herewith and the conclusion of law are reversed and new findings and a new conclusion will be made. Settle order on notice.